/

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:                                                                                           Case No.: 16-12962-RBR

MM Shows, LLC d/b/a Celebrity Sports                                      Chapter 11

                       Debtor.
_____/

**GATOR JACARANDA, LTD.'S MOTION TO COMPEL DEBTOR TO PAY POST PETITION RENT, TO COMPEL ASSUMPTION OR REJECTION OF UNEXPIRED LEASE, TO COMPEL DEBTOR TO VACATE AND SURRENDER POSSESSION OF LEASE PREMISES AND/OR MOTION FOR RELIEF THE FROM AUTOMATIC STAY**

      Creditor/Landlord, GATOR JACARANDA, LTD. ("Gator" or "Landlord"), by and through undersigned counsel and pursuant to 11 U.S.C. §§ 362(d), 365(d)(2) and (3), and Federal Rules of Bankruptcy Procedure 6006(b) and 9014, hereby files this Motion to Compel Debtor, MM SHOWS, LLC D/B/A CELEBRITY SPORTS ("Debtor" or "MM Shows"), to Pay Post Petition Rent, to Compel Assumption or Rejection of Unexpired Lease, to Compel Debtor to Vacate and Surrender Possession of Leased Premises and/or Motion for Relief from the Automatic Stay, stating as follows:

## BACKGROUND

      1.      On March 1, 2016, the Debtor commenced this proceeding by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

      2.      The Debtor, as tenant, leases certain non-residential real property located at 1825 North Pine Island Road, Plantation, Florida 33322 (the "Premises") from Gator pursuant to a real property lease dated June 20, 2014 (the "Lease").  A true and correct copy of the Lease is attached hereto as **Exhibit "A."**  The Lease commenced on June 20, 2014 and is set to expire on or about September 30, 2017.

3. The Debtor purportedly conducts its business operations (retail sales of sports and celebrity novelties and collectables), to the extent it may still have any ongoing operations, at the Premises.

4. Pursuant to the terms of the Lease, the Debtor is obligated to pay rent, sales tax, and other amounts, as more particularly described in the Lease, with the minimum rent and associated sales tax payable monthly in advance on the first day of each and every month during the term of the Lease. Under the Lease, the sum of the minimum monthly rent payable during year one (1) of the Lease term shall be $5,624.00, with said sum increasing at the beginning of years two (2) and three (3) of the Lease term to $5,920.00 and $6,216.00, respectively. For the twelve month period beginning October 1, 2015, the second year of the Lease term, the aggregate monthly rent payable in advance by the Debtor was $6,275.20, which sum includes monthly rent in the amount of $5,920.00 plus applicable sales tax of $355.20. Pursuant to section 14.03 of the Lease, the Debtor is also required to pay all costs and expenses, including reasonable attorneys' fees, incurred by Gator in enforcing any of the obligations of the Debtor under the Lease.

5. Debtor defaulted on its obligations under the Lease by, without limitation, failing to pay certain amounts due and owing to Gator, including but not limited to rent and sales tax, for the month of February, 2016.

6. On March 1, 2016, the sum of $6,275.20 became due and payable by the Debtor for the month of March, 2016.[1]

7. Pursuant to the Lease, rent is payable in advance, and as mandated by 11 U.S.C. § 365(d)(3), such rent for the period from the Petition Date through the end of March was due and owing as of March 1, 2016. The amount of post-petition rent and associated sales tax due under

---

[1] Since the Petition date, the sum of $6,275.20 has likewise become due and payable by the Debtor for the month of April, 2016.

the Lease for the month of March, 2016, is $6,275.20.  *See* Ex. "A" at pg. 54 (Addendum).

8. Shortly after the Petition Date, Debtor's counsel and the undersigned engaged in a series of discussions concerning Debtor's performance of its post-petition lease obligations (including payment of rent).  However, the parties were unable to reach a resolution in connection with these issues.

9. As a result, on March 31, 2016, Gator made written demand for immediate payment of post-petition rent (the "Demand"), a copy of which is attached hereto as **Exhibit "B."**[2]

10. Notwithstanding the Demand, the Debtor has failed to make payment of rent for March, 2016 or April, 2016 in accordance with the terms of the Lease.  Through the filing of this Motion, the Debtor has failed to remit payment of post-petition rent in the total amount of $12,550.40.

11. Based on the documentation provided by the Debtor on the Petition Date (and thereafter), in addition to the testimony of the Debtor's principal, Mitch Adelstein, at the Meeting of Creditors held on April 1. 2016, the Debtor by its own account lacks the financial ability to either cure the pre-petition arrearages, pay the post-petition rent owed for March and April, 2016, or make its monthly rent payment of $6,275.20 going forward.

## RELIEF REQUESTED

### A. *The Debtor should be required to pay post-petition rent obligations due under the Lease*

12. The Debtor is required to pay the post-petition rent due under the Lease pursuant to the plan language of 11 U.S.C. § 365(d)(3) of the Bankruptcy Code, which provides, in pertinent part, that:

---

[2] In addition to demanding immediate payment of the sum of $6,275.20 for March rent, the Demand also served to remind the Debtor that the sum of $6,275.20 for April rent would be immediately due and payable to Gator on April 1, 2016.

> The trustee *shall timely* perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. (Emphasis added).

11 U.S.C. § 365(d)(3). The Debtor is in default of its post-petition Lease payments and in noncompliance with Section 365(d)(3) of the Bankruptcy Code.

13. Section 365(d)(3) requires the timely performance by the trustee of all the obligations of the Debtor until such time as the Lease is assumed or rejected. *See In re Florida Lifestyle Apparel, Inc.,* 221 B.R. 897, 900 (Bankr. M.D. Fla. 1997) ("The plain language of Section 365(d)(3) mandates the trustee to comply with all obligations of the debtor with regard to any unexpired lease of non-residential real property until it is assumed or rejected regardless of Section 503(b)(1)").

14. The purpose of Section 365(d)(3) is to protect commercial landlords from being forced to extend credit to an estate during the time given for assumption or rejection of the lease. *See In re CHS Electronics,* 265 B.R. 339, 343-344 (Bankr. S.D. Fla. 2001); *see also In re Telesphere Communications,* 148 B.R. 525, 529 (Bankr. N.D. Ill. 1992) (noting that Section 365(d)(3) was enacted "[b]ecause such a lessor, unlike utilities, trade creditors, or post-petition employees, cannot utilize the self-help remedy of terminating their relationship with the debtor if prompt is not assured, the lessor becomes, in effect, an 'involuntary extender of unsecured credit'"). Here, if the Debtor is allowed to avoid paying post-petition rent, it will have the effect of turning Gator into an "involuntary extender of unsecured credit."

15. Further, lease obligations arising within the first 60 days after the Petition are entitled to administrative priority as a matter of law pursuant to Section 365(d)(3). *See In re CHS Electronics,* 265 B.R. at 341 (proof of actual use and benefit not required for claim under §

Case No.: 16-12962-RBR

365(d)(3)); *see also In re Jeffrey Kirsch,* 242 B.R. 77, 79 (Bankr. M.D. Fla. 1999) ("The majority of court interpreting Section 365 find that lessors of nonresidential real property,… are entitled to payment of rent due under an unexpired lease as an administrative claim for the period running from the filing of the petition until the rejection of the lease").

16. Based on the plain language of § 365(d)(3), Gator seeks an order from this Court requiring the Debtor to immediately honor its post-petition obligations under the Lease, including but not limited to the payment of rent, in addition to the fees and costs incurred by Gator to enforce the terms of the Lease, and that the Court further provide that in the event the Debtor fails to comply, it shall be ordered to surrender possession of the Premises and immediately vacate same, with Gator being granted automatic stay relief to pursue its non-bankruptcy remedies. *See In re C.A.F. Bindery, Inc.,* 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996) (landlord given automatic stay relief to pursue state court eviction upon debtor failing to pay full amount due post-petition for rent within the time period prescribed by court).

### B. The Debtor should be compelled to assume or reject the Lease

17. Further, the harm to Gator caused by the Debtor's continuing defaults under the Lease, coupled with the uncertainty of future performance of the Debtor, far outweighs any harm caused by requiring the Debtor to decide no whether to assume or reject the Lease.

18. As such, Gator requests that the Court, pursuant to § 365(d)(2) of the Bankruptcy Code, order the Debtor to determine within a shortened period of time whether to assume or reject the Lease. Section 365(d)(2) allows a creditor who cannot afford to be left in limbo about its status *vis-à-vis* the estate to ask the court to impose a deadline on the debtor to decide whether to accept or reject a lease. *See In re Sae Young Westmont-Chicago,* 276 B.R. 888, 893 (Bankr. N.D. Ill. 2002). The standard for a court to apply in determining whether or not to set a deadline to assume

5

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

or reject a lease before confirmation is that it should balance the debtor's need to carefully consider whether rejecting the lease is in the best interest of the estate with the landlord's interest in knowing whether the debtor will perform under the subject lease. *See Matter of Whitcomb & Keller Mtg. Co., Inc.,* 715 F. 2d 375, 379 (7th Cir. 1983).

19.     In the instant matter, the balancing weighs in favor of requiring the Debtor to make an immediate decision concerning the Lease. According to the financial information disclosed, in addition to the testimony proffered at the § 341 Meeting, the Debtor lacks the financial wherewithal to comply with its post-petition obligations under the Code. Even assuming *arguendo*, that the Debtor could be freed from a substantial portion of its other debt via a restructuring, by the Debtor's own admission, it would still lack the ability to satisfy its obligations under the Lease on a continuing basis. The Debtor should not be permitted to enjoy the benefits of the Lease without paying post-petition rent, and due to the Debtor's failure to comply with its obligations under Section 365(d)(3), in conjunction with its lack of liquidity, good cause exists to compel the Debtor to decide whether to assume or reject the Lease immediately under Section 365(d)(2).

### C.  *Stay relief is warranted under Section 362(d)*

20.     11 U.S.C. § 362(d) states, in relevant part, that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay-(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if---(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(1).

21.     Section 362(g) also provides that:

> (g) In any hearing under subsection (d) or (e) of this section

>concerning relief from the stay of any act under subsection (a) of this section--
>
>>(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>>(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

22.  Section 362(d)(1) is intended to "balance the interests of the creditors and the debtor." *See, e.g., In re Indian Palms Association, Ltd. (Nantucket Investors v. California Federal Bank)*¸ 61 F. 3d 197 (3rd Cir. 1995). While the term "cause" is not defined in 11 U.S.C. § 362(d)(1), courts decide whether cause exists to lift the stay on a case-by-case basis. *See In re Murray Industries, Inc.,* 121 B.R. 635, 636 (Bankr. M.D. 1990) (citing *In re McDonald*, 755 F. 2d 715, 717 (9th Cir. 1985)). The court looks to the totality of the circumstances in each particular case when making this determination. *See In re Bryan Road, LLC,* 382 B.R. 844 (Bankr. S.D. Fla. 2008).

23.  Here, the balancing test here weighs overwhelmingly in Gator's favor, and cause exists to lift the stay. Based on the Debtor's continued failure to pay any rent accruing post-petition, in addition to the complete absence of a record to suggest that the Debtor will have the ability to begin its Lease payments anew, or otherwise cure the default. As such, the granting of stay relief by this Court is appropriate.

24.  An affidavit in support of this Motion as required by the Court's Guidelines is attached hereto as **Exhibit "C."**

## CONCLUSION

Based upon the foregoing, Creditor/Landlord, GATOR JACARANDA, LTD., respectfully requests that this Court enter an Order (i) compelling the Debtor to pay post-petition rent and fulfill

Case No.: 16-12962-RBR

all contractual obligations as defined within 11 U.S.C. § 365(d)(3); (ii) compelling the Debtor to assume or reject the Lease within a shortened period of time pursuant to 11 U.S.C. § 365(d)(2); (iii) requiring the Debtor to vacate and surrender possession of the Premises in the event that it fails to pay the post-petition rent; (iv) granting Gator relief from the automatic stay; (v) granting such other and further relief as the Court deems just and proper.

WE HEREBY CERTIFY that we are admitted to the Bar of the United States District Court for the Southern District of Florida and are compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 18th day of April, 2016, with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record, and all other persons registered to receive notices via the CM/ECF system.

*Attorney for Debtor*
Brian S. Behar, Esq.
1885 Griffin Road, Suite A-350
Ft. Lauderdale, FL 33304
Email: bsb@bgglaw.net

*U.S. Trustee*
Office of the US Trustee
51 SW 1st Ave., Suite 1204
Miami, FL 33130

Case No.: 16-12962-RBR

          Respectfully submitted,

          /s/David H. Haft
          Ricardo A. Reyes (rar@tobinreyes.com)
          Florida Bar No. 864056
          David H. Haft (dhaft@tobinreyes.com)
          Florida Bar No. 68992
          Cristopher S. Rapp (csrapp@tobinreyes.com)
          Florida Bar No. 863211
          TOBIN & REYES, P.A.
          *Attorneys for Gator Jacaranda, Ltd.*
          225 N.E. Mizner Boulevard, Suite 510
          Boca Raton, Florida 33432
          Tel:    (561) 620-0656
          Fax:    (561) 620-0657
          Primary Email: eservice@tobinreyes.com
          Secondary:mhorton@tobinreyes.com

s:\a c\litigation\gator\mm shows\bankruptcy\motion to compel and for relief.docx